| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------------------------------x<br>In re:<br><br>       PATRICIA MARTINEZ,<br><br>              Debtor.<br>--------------------------------------------------------x | <u>FOR PUBLICATION</u><br><br>Case No.: 08-71123-478<br><br>Chapter 7 |

# MEMORANDUM DECISION AND ORDER

*Appearances:*

<div style="text-align:center">

Paul H. Rethier, Esq.
*Attorney for Debtor*
33 Rosedale Road
P.O. Box 307
Sound Beach, New York 11789


Kenneth Kirschenbaum, Esq.
*Chapter 7 Trustee*
Kirschenbaum & Kirschenbaum
200 Garden City Plaza
Suite 500
Garden City, New York 11530

</div>

Hon. Dorothy Eisenberg, United States Bankruptcy Judge

Before this Court is the Chapter 7 Trustee's objection to the Debtor's claim for a homestead exemption pursuant to N.Y. C.P.L.R. § 5206 with respect to the Debtor's residence (the "Property") on the basis that the Debtor lacks legal title to the Property in the form of a deed.  At issue is whether the Debtor had as of the date of this bankruptcy filing an ownership interest in the Property for purposes of N.Y. C.P.L.R. § 5206 despite the absence of a recorded deed.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334.  This contested matter is a core proceeding under 28 U.S.C. § 157(b)(A), (B), and (O), 11 U.S.C. § 552, N.Y. C.P.L.R. § 5206 and Rule 4003 of the Federal Rules of Bankruptcy Procedure.  The Court finds the Debtor's claim for a homestead exemption to be proper and the Trustee's objection is overruled. The following constitutes the Court's findings of fact and conclusions of law as mandated by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On March 10, 2008, the Debtor filed a voluntary Chapter 7 petition.  Kenneth Kirschenbaum, Esq. was appointed as the Chapter 7 Trustee. Subsequent to the bankruptcy filing, the Debtor timely filed her Schedule C to the petition, which claimed a homestead exemption pursuant to N.Y. C.P.L.R. § 5206 (McKinney 2005) in the sum of $50,000.00 with respect to the Property where she resides.  In response, the Trustee filed a timely objection to the Debtor's claim of a homestead exemption based on his conclusion that the Debtor did not have legal title to the Property (the "Objection") on May 22, 2008. A hearing on the Trustee's Objection was held on July 15, 2008.  In the period between the Trustee's filing of an objection to the Debtor's claim for a homestead exemption and the hearing, the Debtor received her discharge.  The Trustee and the Debtor each submitted post-hearing memorandum of law.

## STATEMENT OF FACTS

The Debtor's father died intestate in September 1978 and the Property where the Debtor lives represents the main asset of the decedent's estate. The Debtor and her three siblings are the heirs to her father's decedent estate. The Debtor resided at the Property from 1963 through 1981. After the death of her husband, the Debtor moved back to the Property with her children in 2002 and has since occupied it continuously as her primary residence. On December 22, 2004, Darlene Murch, the Debtor's sister, was appointed Administrator to the decedent's estate (the "Administrator"), which has not yet been settled. The last recorded deed with respect to the Property is a Quitclaim Deed from the County of Suffolk to Darlene Murch as Administrator of the decedent's estate, dated May 10, 2005, as a result of a satisfaction of a tax lien against the Property by the Administrator.

## DISCUSSION

New York State has opted out of the federal exemptions as allowed pursuant to 11 U.S.C. § 522 (b) and N.Y. DEBT. & CRED. LAW § 284 (McKinney's 2001). Therefore, New York law governs claims for exemptions relating to real and personal property of the Debtor's bankruptcy estate.

New York law provides a homestead exemption for real property "not exceeding fifty thousand dollars in value above liens and encumbrances, *owned* and occupied as a principal residence." N.Y. C.P.L.R. § 5206(a) (emphasis added). The Trustee has the burden of proving that the exemption is not properly claimed. Fed. R. of Bankr. P. 4003(c). In order to be entitled

to a homestead exemption, N.Y. C.P.L.R. § 5206 requires evidence of two things: an ownership interest in real property and residency by the Debtor in that property.

It is undisputed that the Debtor occupies the Property as her principal residence and did so at the time she filed for bankruptcy. The Trustee, however, asserts the Debtor does not have an ownership interest in the Property because N.Y. REAL PROP. LAW § 290(3)(McKinney's 2006) requires ownership of property to be conveyed by written deed and there is no recorded deed in the Debtor's name.  Section 290(3) of N.Y. REAL PROP. LAW sets forth the term "conveyance" to include:

> every written instrument, by which any estate or interest in real property is created, transferred, mortgaged or assigned, or by which title to any real property may be affected, including an instrument in execution of a power, although the power to be one of revocation only, and an instrument postponing or subordinating a mortgage lien; except a will, a lease for a term not exceeding three years, an executory contract for the sale or purchase of lands, and an instrument containing a power to convey real property as the agent or attorney for the owner of such property.

There is generally no written instrument of transfer when a distributee obtains an interest in real property by intestacy pursuant to N.Y. EST. POWERS & TRUSTS LAW § 4-1.1 (McKinney's 1998). While N.Y. EST. POWERS & TRUSTS LAW § 1-2.15 defines "property" to be anything that may be the subject of ownership, and is real or personal property", it does not discuss the meaning of "ownership".  In addition, the definition of "distributee" under N.Y. EST. POWERS & TRUSTS LAW § 1-2.5 does not hold that property vests in a distributee upon the death of an intestate owner but only states that a "distributee is a person entitled to take or share in the property of a decedent under the statues governing descent and distribution."  Accordingly, the Trustee argues

that the Debtor's interest in the Property as a distributee of her father's estate is insufficient to meet the ownership requirement of N.Y. C.P.L.R. § 5206 without a deed. The Trustee asserts that the requirement of a deed showing an ownership interest is consistent with New York being a "title state" for purposes of providing notice to creditors and that the only way the Debtor can come into title is if and when the Administrator executes and delivers a deed to the Debtor. Accordingly, the Trustee argues that the Debtor is not entitled to a homestead exemption for the Property.

While the Court finds that the cases relied upon by the Debtor are distinguishable, the Trustee's decision to look solely to N.Y. REAL PROP. LAW § 290 for a definition of ownership in real property is also misplaced. Bankruptcy courts have interpreted N.Y. C.P.L.R. § 5206 to require an ownership interest in the property, but not necessarily a written deed. *See, e.g., In re Nye*, 250 B.R. 46, 49 (Bankr. W.D.N.Y 2000) (holding that New York's homestead exemption applies to the extent of the Debtor's ownership interest in the residence). While one court, *In re de Kleinman,* 172 B.R. 764, 771-72 (Bankr. S.D.N.Y. 1994), has interpreted N.Y. C.P.L.R. § 5206 to require "good legal title" by the debtor for her to be entitled to a homestead exemption, this Court notes that the court in *de Kleinman* based its holding on an old edition of Black's Law Dictionary defining ownership as: "[t]he complete dominion, title, or property right in a thing or claim." BLACK'S LAW DICTIONARY 1106 (6th ed. 1990)("Black's"). Black's current edition, however, no longer defines ownership in the context of title. *See* BLACK'S LAW DICTIONARY 1138 (8th ed. 2004). Moreover, it would be improper to apply *de Kleinman's* unique holding here, because in *de Kleinman* the debtor had no ownership interest in her condominium apartment because the condominium board of directors had voided her purchase of the

apartment; whereas in this case, the Debtor obtained her interest in the Property through state laws concerning intestacy.

N.Y. EST. POWERS & TRUSTS LAW is as effective as N.Y. REAL PROP. LAW and more applicable under the facts and circumstances of this case for purposes of determining ownership in real property. Indeed, New York state and bankruptcy courts have found ownership in real property vests in a distributee immediately upon an intestate death by operation of statutory authority pursuant to N.Y. EST. POWERS & TRUSTS LAW § 4-1.1. *See, e.g., Burg v. City of Buffalo*, 295 B.R. 698, 702 (Bankr. W.D.N.Y. 2003) ("[T]itle to real estate upon the death of the owner vests immediately in his heirs and devisees." (quoting *Kingsland v. Murray*, 133 N.Y. 170, 174, 30 N.E. 845, 846 (N.Y. 1892))); *In re Estate of Fry*, 28 Misc. 2d 949, 950, 218 N.Y.S.2d 755, 757 (N.Y. Sur. Ct. 1961)("On death, title to all real property of a decedent which is not disposed of by will, vests immediately in the distributees entitled to take under the statute."). *Cf. Kraker v. Roll*, 100 A.D.2d 424, 429, 474 N.Y.S.2d 527, 531 (N.Y. App. Div. 1984) ("[V]esting by descent occurred by operation of law, irrespective of the apparent failure to appoint an administrator or to file new deeds." (citing *Singer v. Levine*, 15 Misc.2d 785, 786-87, 181 N.Y.S.2d 699, 701 (N.Y. Sup. Ct. 1958)). The law's desire to avoid any "hiatus of ownership," *In re Williams' Estate,* 162 Misc. 507, 509, 295 N.Y.S. 56, 58 (N.Y. Sur. Ct. 1937), *aff'd*, 254 A.D. 741, 4 N.Y.S.2d 467 (N.Y. App. Div. 1938), goes so far as to immediately vest ownership of property in anyone, even the State, if there is an intestate death without heirs. *See, In re Estate of Clark*, 69 Misc. 2d 498, 499, 329 N.Y.S.2d 995, 997 (N.Y. Sur. Ct. 1972) ("Upon death the title to real property never lapses but vests in someone -- distributee, specific legatee, residuary legatee, trustee, or in the case of intestate death without heirs the State.").

Accordingly, an ownership interest, sufficient to satisfy N.Y. C.P.L.R. § 5206, vests in a distributee immediately upon an intestate death.

While the deed to the Property is in the name of the Administrator, under New York law, representatives in the form of administrators or executors, receive "possession or management" of the property strictly "for certain limited purposes if the circumstances so require." *In re Baker*, 164 Misc. 92, 93, 298 N.Y.S. 261, 264 (N.Y. Sur. Ct. 1937). What rights the administrator may exercise as a fiduciary with respect to real property is limited to the rights set forth in N.Y. EST. POWERS & TRUSTS LAW § 11-1.1. *See, Singer v. Levine*, 15 Misc.2d at 786-87, 181 N.Y.S.2d at 701 (N.Y. Sup. Ct. 1958). While the Administrator was not appointed until 2004 and the decedent's estate has not yet been settled, these factors do not contradict the Debtor's receipt of an ownership interest to the Property upon her father's death and she continues to hold an ownership interest in the Property. Although the Trustee has alleged that the delay in settling the estate has negatively affected at least two judgment creditors, no evidence that these creditors exist or that the delay has adversely affected them has been presented to this Court. In any event, whatever legal rights these alleged judgment creditors have as secured creditors, if any, are not affected by this decision.

In this case, as of the date of the filing of this bankruptcy petition, the Debtor clearly had a legal ownership interest in the Property by operation of N.Y. EST. POWERS & TRUSTS LAW § 4-1.1 as well as the required residency in the Property pursuant to N.Y. C.P.L.R. § 5206.

## CONCLUSION

Based upon the foregoing, the Debtor is entitled to claim a homestead exemption under

N.Y. C.P.L.R. § 5206 with respect to the Property. The Trustee's Objection is overruled.

Dated: Central Islip, New York
      August 18, 2008

                                          *s/ Dorothy Eisenberg*
                                          Dorothy Eisenberg
                                          United States Bankruptcy Judge